**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **8:19-CV-1631 (FJS/CFH)**

**JALENE R. LAPRADD; ANTHONY S. LAPRADD; TOWN OF MASSENA, MASSENA MEMORIAL HOSPITAL; JOHN DOE; MARY ROE; and XYZ CORPORATION,**

**Defendants.**

---

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **PINCUS LAW GROUP, PLLC**<br>425 RXR Plaza<br>Uniondale, New York<br>Attorneys for Plaintiff | **CYNTHIA MALONE, ESQ.** |
| **JALENE R. LAPRADD, ATHONY S. LAPRADD, TOWN OF MASSENA, MASSENA HOSPITAL, JOHN DOE, MARY ROE AND XYZ CORPORATION**,<br>Defendants | **NO APPEARANCES** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Pending before the Court is Plaintiff's motion for default judgment of foreclosure and sale and for amendment of the caption to dismiss Defendants Mary Roe, John Doe, and XYZ Corporation. *See* Dkt. No. 8.

## II. BACKGROUND

On or about July 28, 2010, at the request of Defendants Jalene R. LaPradd and Anthony S. LaPradd (hereinafter referred to as "LaPradd Defendants"), Plaintiff lent them the sum of $58,790.00, which LaPradd Defendants promised to repay with interest at 4.6250% in specified monthly installments. *See* Dkt. No. 8, Attorney Affirmation for Judgment of Foreclosure and Sale, at ¶ 2. As evidence of this indebtedness, LaPradd Defendants executed and delivered to Plaintiff a Promissory Note dated July 28, 2010. *See id.* at ¶ 3 & Exhibit "A" attached thereto. To secure the payment of this indebtedness, LaPradd Defendants executed, acknowledged and delivered a real property mortgage dated July 28, 2010, to Plaintiff. *See id.* at ¶ 4 & Exhibit "B" attached thereto. The mortgage was duly recorded in the St. Lawrence County Clerk's Office on July 28, 2010. *See id.* at ¶ 5. Plaintiff is the owner and holder of the Promissory Note and mortgage. *See id.* at ¶ 6.

Plaintiff asserts that LaPradd Defendants breached and violated the provisions of the Promissory Note and mortgage by neglecting and failing to pay installments of principal and interest when due, beginning with the September 28, 2017 payment despite demand therefor and by failing to pay real property taxes when due, thereby making it necessary for Plaintiff to pay the same to protect its interest in the property. *See id.* at ¶ 7.

Plaintiff brought this action against LaPradd Defendants to foreclose a mortgage on real property designated as 1 Stearns Street, Massena, New York 13662, which is located in St. Lawrence County, New York.[1] The total balance secured by said mortgage through June 30,

[1] Plaintiff indicates that Defendant Town of Massena, Massena Memorial Hospital is named in the caption of the Complaint because it has or may claim to have "some interest in or lien upon the mortgaged premises or some part thereof, which interest or lien, if any accrued subsequently to the lien of the United States mortgage and is subsequent thereto." *See* Dkt. No. 1, Complaint, at ¶ 12.

2020, is $ 75,046.98, comprised of the following amounts: (1) principal in the amount of **$51,831.67**; (2) interest in the amount of **$ 6,810.73**; (3) escrow in the amount of **$923.66**; (4) late charges in the amount of **$34.74**; and other fees in the amount of **$15,446.18**. *See* Dkt. No. 8-9, Affidavit of Tonia Lohman, at ¶ 4 & Schedule A attached thereto. Plaintiff also requests an award of costs in the amount of **$905** and an award of attorney's fees in the amount of **$2,595.00**. *See* Dkt. No. 8 ¶¶ 21-22 & Exhibits "J" and "K" attached thereto.[2] Plaintiff filed a Notice of Pendency containing all the particulars required by law in the St. Lawrence County Clerk's Office on January 3, 2020. *See* Dkt. No. 8 at ¶ 15 & Exhibit "G" attached thereto.

Plaintiff served LaPradd Defendants as well as Town of Massena, Massena Memorial Hospital with the summons and complaint, *see* Dkt. No. 4, and their time to answer or otherwise appear with regard to the complaint has expired and has not been extended by consent or order of this Court. Plaintiff requested a Clerk's entry of default as to the above-named Defendants on June 26, 2020, *see* Dkt. No. 5, which the Clerk of the Court entered on the same date, *see* Dkt. No. 6. None of the above-named Defendants are infants, incompetent or in military service. *See* Dkt. No. 5 at ¶ 5 & Exhibit "A" attached thereto. Finally, having reviewed the description of the property, which has been improved with a single family home, Plaintiff has determined that the mortgaged premises should be sold as one parcel. *See* Dkt. No. 8 at ¶ 19.

[2] Although in Dkt. No. 8 ¶ 22 Plaintiff requests $3,875.00 in attorney's fees, Exhibit "K" in support of that request shows attorney's fees in the amount of $2,595.00.

## III. DISCUSSION

### A. Amendment of the caption

Plaintiff seeks to amend the caption and dismiss the action against Defendants John Doe, Mary Roe, and XYZ Corporation. *See* Dkt. No. 8 at 2. There is no need to amend the caption. However, the Court dismisses this action against these Defendants with prejudice because Plaintiff has determined that "no one has been served under these fictitious names at the premises at issue[.]" *See* Dkt. No. 8 at 2.

### B. Plaintiff's motion for entry of a default judgment

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default. *See* Fed. R. Civ. P. 55(a) (providing that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"); N.D.N.Y. L.R. 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded"). Second, under Rule 55(b), the plaintiff may apply for entry of a default judgment by the clerk "[i]f the plaintiff's claim is for a sum certain" or by the court "[i]n all other cases." Fed. R. Civ. P. 55(b)(1), (2); N.D.N.Y. L.R. 55.2(b) (providing that "[a] party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P.

55(b)(2), with a clerk's certificate of entry of a default . . ., a proposed form of default judgment, and a copy of the pleading to which no response has been made").

***1. Liability***

By failing to answer, Defendants are deemed to have admitted the factual allegations in the complaint. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (noting that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability" (citations omitted)). However, "before entering default judgment, the Court must review the Complaint to determine whether Plaintiff has stated a valid claim for relief." *Wells Fargo Bank, N.A. v. Barnes*, No. 3:16-cv-00533 (BKS/DEP), 2018 WL 6028050, *5 (N.D.N.Y. Nov. 16, 2018) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (other citation omitted).

Based on the allegations in the Complaint, the Court finds that Plaintiff has established LaPradd Defendants' liability.

***2. Damages***

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at

a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing Fed. R. Civ. P. 55(b)(2)) (other citation omitted). A hearing is not necessary where the record contains detailed affidavits and documentary evidence that enables the court to evaluate the proposed sum and determine an award of damages. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (stating that "Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages"); Fed. R. Civ. P. 55(b)(2) (providing that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter").

In this case, the Court finds that it is not necessary to hold an evidentiary hearing because damages are calculable based on the detailed affidavits and documentary evidence that Plaintiff has provided. Thus, the Court grants Plaintiff's motion for entry of a default judgment as follows:

| | |
|---|---|
| Unpaid Principal | $51,831.67 |
| Unpaid Interest (through June 30, 2020) | 6,810.73 |
| (Daily interest accrual $6.5677 per day at 4.6250%) | |
| Escrow | 923.66 |
| Late Charges | 34.74 |
| Other Fees | 15,446.18 |
| **Total due through June 30, 2020** | **$75,046.98** |

plus additional interest accruing on this amount from June 30, 2020, at a rate of 4.6250% per annum, through the date of entry of judgment.[3]

[3] With regard to Plaintiff's request for costs, the Court notes that, pursuant to this District's Local Rules,

> [t]he party entitled to recover costs set forth in 28 U.S.C. § 1920 shall file . . . a verified bill of costs on the forms that the Clerk provides, together with an affidavit verifying that (1) the items claimed in the Bill of Costs are correct; (2) the costs have been

**C. Motion for entry of a judgment of foreclosure and sale**

Plaintiff also seeks entry of a judgment of foreclosure and sale. In its proposed "Judgment of Foreclosure and Sale," Plaintiff proposes that the sale of the subject property be "under the direction of David McNulty, United States Marshal for the Northern District of New York" and that the United States Marshal take certain steps with regard to the notice of the sale and the sale itself. The Court finds that Plaintiff's designation of the United States Marshal to take certain actions with regard to the sale of the mortgaged property is not appropriate. Therefore, the Court denies Plaintiff's motion for a judgment of foreclosure and sale with leave to renew.

---

> necessarily incurred in the case; and (3) the services for which the fees have been charged were actually and necessarily performed, and a Certificate of Service. The party seeking costs shall accompany its request with receipts indicating that the party actually incurred the costs that it seeks.

N.D.N.Y. L.R. 54.1(a).

Therefore, the Court instructs Plaintiff that, if it wants to recover its costs, it must file its request in accordance with the Local Rules.

Likewise, with regard to Plaintiff's request for attorney's fees, Plaintiff must provide the appropriate breakdown of the hours its attorneys expended on this matter and the hourly rate charged for that work so that the Court can determine if the hours expended and the hourly rate charged are reasonable.

Plaintiff shall file the required documentation at the time that it files its renewed motion for judgment of foreclosure and sale.

## IV. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Defendants John Doe, Mary Roe, and XYZ Corporation are **DISMISSED with prejudice** from this action; and the Court further

**ORDERS** that Plaintiff's motion for entry of a default judgment against Defendants, *see* Dkt. No. 8, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff is awarded judgment against LaPradd Defendants for the sum of $75,046.98 with interest continuing thereon at the rate of 4.6250% per annum to the date of entry of judgment and, thereafter, interest on this amount from the date of entry of judgment to the date of payment at the rate provided for by 28 U.S.C. § 1961(a); and the Court further

**ORDERS** that Plaintiff's motion for judgment of foreclosure and sale, *see* Dkt. No. 8, is **DENIED with leave to renew**; and the Court further

**ORDERS** that, within **thirty (30) days** of the date of this Memorandum-Decision and Order, Plaintiff shall file a letter motion (1) requesting appointment of a proposed referee to sell the mortgaged property, such proposed referee shall be an attorney who is admitted to practice in and has an office in the Northern District of New York, and who is willing to have the Court appoint her or him to serve as referee to conduct the sale of the mortgaged property and (2) propose a location for the sale of the mortgaged property, such location shall be within the county in which the mortgaged property is located; and the Court further

**ORDERS** that, within **thirty (30) days** of the date of this Memorandum-Decision and Order, Plaintiff shall file a renewed motion for judgment of foreclosure and sale accompanied by a revised proposed judgment of foreclosure and sale with the name of the referee and location of sale left blank for the Court to fill in; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendants by certified mail return receipt requested and shall file affidavits of service, together with the certified mail receipts, demonstrating that service has been effected.

**IT IS SO ORDERED.**

Dated: September 23, 2021
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge